**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO**

In re:

HOTEL AIRPORT, INC.,

    Debtor.

Case No. 11-06620-ESL11

Chapter 11

**OBJECTION TO DEBTOR'S M OTION TO REOPEN CASE**

TO THE HONORABLE COURT:

COMES NOW Best Western International, Inc. ("Best Western"), a creditor and interested party herein, objects to Debtor's Motion to Reopen Case and respectfully requests the Court to enter an Order denying said motion, and in support of this Objection states as follows:

1. Debtor seeks to reopen its bankruptcy case for the purpose of filing an adversary proceeding against Best Western, its directors, and its attorneys, for alleged violation of the discharge granted by its confirmed Plan of Reorganization; alleged violation of the automatic stay; for injunctive relief; for alleged breach of contracts; and for alleged Law 75 and Law 21 claims.

**Alleged violation of discharge**

2. Best Western has filed a complaint, and an amended complaint, in the United States District Court for the District of Arizona, against Hotel Airport, Inc. ("HAI"), and against David Tirri, alleging trademark infringement and breach of contract arising from said defendants' continued use and display of the Best Western name and symbols at defendants' hotel at San Juan Airport.

3. Best Western's original complaint alleged trademark infringement by HAI and Tirri during the period from June 18, 2012 through June 7, 2013. On September 30, 2013, Best Western filed an amended complaint limiting Best Western's claim against HAI to the period from March

13, 2013 through June 7, 2013, noting HAI's Plan confirmation and discharge of claims through March 13, 2013.

4. Neither HAI nor Tirri have responded to Best Western's complaint or amended in the District Court for the District of Arizona.

5. Best Western does not seek any damages in the Arizona lawsuit from HAI with respect to any matter arising prior to March 13, 2013.

**Alleged improper termination of the Best Western membership**

6. The Debtor seeks to assert claims against Best Western for an alleged violation of the automatic stay, breach of contract, and Law 75 and Law 21 violations, all based on claims that Best Western improperly terminated Debtor's Best Western membership on June 2, 2012, during the pendency of Debtor's Chapter 11 proceeding.

7. Review of the Court's file in this matter discloses that the Debtor entered into a Best Western Membership Agreement with respect to its hotel on March 7, 2008, prior to the filing of its Chapter 11 petition for relief on August 5, 2011. The Best Western Membership Agreement was an executory contract at the time of filing Debtor's petition for relief.

8. On November 11, 2011, the Debtor assumed the Best Western Membership Agreement. Assumption of the membership agreement required performance by the Debtor of all obligations of the agreement.

9. On June 2, 2012, Best Western terminated the membership agreement for failure of the Debtor to comply with Best Western's quality and branding requirements.

10. On November 9, 2012, Debtor filed its Amended Plan of Reorganization.

11. On February 11, 2013, Best Western filed its Objection to Confirmation of Plan of Reorganization, noting that Debtor's Amended Plan proposed to again assume the Best Western

Membership Agreement.

12. On February 13, 2013, Debtor filed its Answer to Best Western's Objection to Confirmation, stating among other matters that

- "Debtor does not intend to assume the contract"; that "Best Western is correct in stating that the contract was terminated in 2012…";
- that Debtor "did not agree" with the termination;
- that "…debtor has decided that the franchise benefits are not worth the cost and requirements that Best Western insists upon. Hence, debtor shall continue operating its hotel business (and effect its reorganization) without being under the Best Western membership, as it has done since July 2012."

(See Docket # 240)

14. As a consequence of the filing of Debtor's Answer to Best Western's Objection to Confirmation, Best Western did, on February 22, 2013, withdraw its objection to confirmation of Debtor's Amended Plan. (See Docket #244)

24. On April 26, 2013, after termination of its Best Western membership, after filing its Answer to Best Western's Objection to Confirmation, and after Best Western withdrew it objection to confirmation, Debtor filed its Application for Final Decree, asserting, among other matters, that "this case has been fully administered." On June 5, 2013, this Court entered its Final Decree herein, based on representations of this Debtor.

34. By reason of the foregoing, Debtor has consented to the termination of its Best Western membership, and has waived and is estopped from pursuing any claim arising from the termination of its membership.

44. 11 U.S.C. § 350(b) provides that a case may be reopened to accord relief to the

debtor, or for other cause.  The reopening of a case rests within the sound discretion of the Court, but a case should be reopened only upon a showing of compelling circumstances justifying the reopening.  <u>In re Pagan</u>, 59 B.R. 394 (1986, DC Puerto Rico), citing <u>Reid v. Richardson</u>, 304 F.2d 351, 355 (4th Cir. 1962); <u>In re Rediker</u>, 22 B.R. 71 (1982, Bank. M.D. Tenn.).  See also, <u>Virgin Islands Bureau of Internal Revenue v. St. Croix Hotel Corp.</u>, 60 B.R. 412 (1986, DC VI), affd 867 F.2d 169 (CA3 VI) (holding that notwithstanding court's discretion, case should not be reopened to relieve party of consequences of his own mistake or ignorance, nor is good cause established by mere inattention or neglect; thus discretion should be exercised only where compelling reason for reopening case is demonstrated).

54.	The Debtor has failed to show any compelling reason for reopening its bankruptcy case.

WHEREFORE, Best Western respectfully requests the Court to enter an Order denying Debtor's Motion to Reopen Case.

Dated this 2nd day of January, 2014.

### CERTIFICATE OF SERVICE

I certify that on January 2, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Edgardo Munoz, emunoz@emunoz.net; Rafael A. Gonzalez Valiente, rgonzalez@lbrglaw.com; Office of U.S. Trustee, ustpregion21.hr.ecf@usdoj.gov; All other CM/ECF participants.

THE HELMS LAW FIRM, P.L.C.

By:   /s/ Michael G. Helms
Michael G. Helms
2600 North Central Avenue
Suite 940
Phoenix, Arizona 85004

Telephone: (602) 358-2060
Email: mghelms@mghlawfirm.com

And

*/s/Solymar Castillo Morales*
Solymar Castillo-Morales
GOLDMAN, ANTONETTI & CORDOVA, P.S.C.
*Local Counsels for Best Western International, Inc.*
Fourteen Floor
250 Munoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 759-4213
Fax:(787)474-2335
Email: scastillo@gaclaw.com
USDC-PR:218310

Attorneys for Best Western